**RANDY J. TANNER**
Assistant U.S. Attorney
U.S. Attorney's Office
101 E. Front St., Ste. 401
Missoula, MT 59802
Phone: (406) 329-4268
Email: randy.tanner@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br>vs.<br><br>**2008 DODGE RAM 3500 PICKUP, VIN: 3D7MX39A28G245339, AND $4,753.00 IN U.S. CURRENCY,**<br><br>Defendant. | **CV 24-_13_-BLG-_SPW_-TJC**<br><br>**VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |

The United States of America, by and through Randy J. Tanner, Assistant United States Attorney for the District of Montana, brings this Complaint pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure. The United States alleges as follows:

**NATURE OF THE ACTION**

This is an action to forfeit and condemn to the use and benefit of the United States of America, a 2008 Dodge Ram 3500 pickup, Vehicle Identification Number

1

3D7MX39A28G245339 and $4,753.00 in U.S. currency, hereinafter Defendant Property, for violations of 21 U.S.C. §§ 841 *et seq*.

## JURISDICTION AND VENUE

1.  The United States brings this action *in rem,* in its own right, to forfeit and condemn the Defendant Property under 21 U.S.C. § 881(a)(4), (6). This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355(a).

2.  Venue is proper in this division pursuant to 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because this is a civil proceeding for the forfeiture of the Defendant Property that was seized in Yellowstone County, Montana.

## FACTS

3.  On July 21, 2023, Agent Adam Miller of the Montana Division of Criminal Investigation Region Two (MDCI-R2), was conducting an investigation of Shawn Anderson after receiving information that Anderson was engaged in distributing illegal narcotics from the Rodeway Inn in Billings, Montana. Agent Miller went to the Rodeway Inn to surveil Anderson.

4.  Agent Miller observed Anderson enter Room #118 at the Rodeway Inn, accompanied by a younger, unknown female. Both Anderson and the female carried backpacks into the room.

5. A short time later, both Anderson and the female exited the room and only the female had a backpack upon exiting. They both went to the 2008 Dodge Ram 3500 pickup, and Anderson rummaged through the passenger side while the female went to the driver's side. Anderson removed a motorcycle helmet and went back to the room, and the female left in the pickup.

6. Agent Miller followed the pickup for a few blocks and observed the female driver fail to signal a turn, which he relayed to Montana Highway Patrol Trooper Matthew Hudgins. Trooper Hudgins conducted a stop of the vehicle and identified the driver as Amber Stewart. Stewart claimed she was borrowing the pickup from a friend named "Steven." Trooper Hudgins confirmed the vehicle was registered to Shawn Anderson.

7. Trooper Hudgins found Stewart in possession of tinfoil with suspected drug residue. Trooper Hudgins asked to search the vehicle, but Stewart refused and appeared nervous during Trooper Hudgins interaction with her. Trooper Hudgins seized the vehicle at Agent Miller's direction, and Agent Miller applied for a search warrant.

8. Agent Miller returned to the Rodeway Inn. Agent Miller learned that Anderson was on state probation and out of compliance. Agent Miller coordinated with probation and parole officers to conduct a search of the hotel room. Probation and parole officers, as well as additional law enforcement arrived at the Rodeway

Inn and knocked on the door of the room Anderson was in. They observed Anderson peek through the curtains and then quickly shut them but did not answer the door. A few minutes passed while they continued to knock on the door. Hotel staff offered a master key to allow them to gain entry and they accepted.

9. They entered the room and observed Anderson exit the bathroom where his backpack and an Arizona Iced Tea can were observed. The hotel room did not contain any other occupants. A search was conducted and several baggies containing large amounts of Fentanyl pills in Anderson's pockets as well as in his backpack. The Arizona Iced Tea can was found to be a stash container, which had methamphetamine and fentanyl powder in it. Methamphetamine, cocaine, plastic baggies, a digital scale, a glass pipe with methamphetamine residue, and $4,753.00 in U.S. currency, were also found in the backpack. Approximately 3,000 fentanyl pills, two ounces of fentanyl powder, over a pound of methamphetamine, and an ounce of cocaine were retrieved during the search.

10. Anderson agreed to speak with Agent Miller after verbally acknowledging his rights. Anderson admitted that he got the hotel room to sell the drugs out of so that he did not bring attention to himself at his residence. Anderson stated that he got his fentanyl pills and methamphetamine from an individual he knew as "Jeb" from Oregon, who would come to Montana once or twice per month. Anderson stated the last time he received a shipment from Jeb, he got 3,000

"Blues" (slang for fentanyl pills), 1.5 pounds of methamphetamine, and an ounce of cocaine.

11. After receiving the requested search warrant of the pickup, a search of the vehicle was conducted. The search uncovered 13.6 grams of Fentanyl pills, 40 grams of methamphetamine, .03 grams cocaine, and drug paraphernalia.

12. A review of Anderson's criminal history shows that he has been convicted of Felony drug offenses in 1999, 2002, 2011, 2016, 2018, and 2021.

13. A review of Anderson's employment history shows that he has not been employed since the 4th quarter of 2022, in which he had $599.62 in recorded earnings.

14. The totality of the circumstances, including but not limited to the facts set forth above, support probable cause that Defendant Vehicle was used to transport and/or facilitate the transportation of illegal controlled substances in violation of 21 U.S.C. §§ 841, and that the $4,753.00 in U.S. currency constitutes or is derived from a violation of 21 U.S.C. §§ 841. The circumstances include, but are not limited to, illegal drugs found in the vehicle and the hotel room, a large amount of currency with no current employment, statements made by Anderson, and Anderson's criminal history. These circumstances support probable cause that the Defendant Property is property obtained from the illegal sale of controlled

substances, or used to transport and/or facilitate the transportation of illegal controlled substances, all in violation of 21 U.S.C. §§ 841, et seq.

15. The United States Marshals Service has possession, custody and control of the Defendant Property.

## CLAIM FOR RELIEF

16. The United States repeats and re-alleges each and every allegation set forth in paragraphs 1 through 15 above.

17. Defendant Property is property obtained from the illegal sale of controlled substances, or used to transport and/or facilitate the transportation of illegal controlled substances, all in violation of 21 U.S.C. §§ 841, et seq.

18. As a result of the foregoing, the Defendant Property is liable to condemnation and forfeiture to the United States for its use, in accordance with 21 U.S.C. § 881.

**DATED** this 1st day of February, 2024.

JESSE A. LASLOVICH
United States Attorney

_____
Randy J. Tanner
Assistant U.S. Attorney
Attorney for Plaintiff

## VERIFICATION

I, William Brew, declare under penalty of perjury that I am a Task Force Officer with the U.S. Drug Enforcement Administration (DEA). I have read the foregoing Verified Complaint *in Rem* and know the contents. The matters contained in the complaint are true and correct. They are based on either my personal knowledge, or alleged on information provided, and I believe those matters to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, including the Montana Division of Criminal Investigation and Montana Probation and Parole, as well as my own investigation.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this 31st day of January 2024.

William Brew
Task Force Officer
Drug Enforcement Administration